IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GAARIES WILLIAMS,<br>    Petitioner, | § § § | |
| vs. | § § | NO. C-07-276 |
| NATHANIEL QUARTERMAN,<br>    Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate at TDCJ-CID's Dominguez State Jail in San Antonio, Texas. Proceeding *pro se*, petitioner has filed a petition pursuant to 28 U.S.C. § 2254, challenging his 2007 conviction for violation of a protective order, assault, and family violence (D.E. 1, 8). Pending is petitioner's motion requesting the appointment of counsel (D.E. 25).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process was ordered on November 5, 2007, and the time for respondent to file his responsive pleading and dispositive motion has not yet passed. Scheduling an evidentiary hearing and appointing counsel at this time would be premature.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, Petitioner's Motion for Appointment of Counsel (D.E. 25) is DENIED without prejudice.

ORDERED this 6th day of December, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE